

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

October 2, 1973

The Honorable Roy W. Mouer
Securities Commissioner
709 State Finance Building
Box 13167 Capitol Station
Austin, Texas 78711

Opinion No. H- 116

Re: The application of the
Texas Securities Act
to the Chicago Board
Options Exchange

Dear Mr. Mouer:

You have requested our opinion on the following questions:

"(1) Whether a Chicago Board Option is a
'security' as that term is defined in Section 4. A
of The Securities Act.

"(2) Whether the Chicago Board Options Exchange
is a 'stock exchange' as that term is used in Section 6. F
of The Securities Act."

You have further advised:

"The Chicago Board Options Exchange made
application to the State Securities Board for approval
as a recognized and responsible stock exchange under
Article 581, Section 6. F (The Securities Act). A hear-
ing in the matter was held on May 22, 1973, where it
was established that the Chicago Board Options Exchange
has registered with the Securities and Exchange Commis-
sion as a national securities exchange and the options
traded on the exchange, called Chicago Board Options,
have been registered under the securities registration
provisions of The Securities Act of 1933. "

The information provided us indicates that the Chicago Board Options Exchange does not deal directly in corporate stock but confines its activities to the exchange of corporate stock options, known in the trade as "puts" and "calls". The business of the exchange is described in its prospectus dated April 5, 1973, which you have provided us, as follows:

"The Chicago Board Options covered by this prospectus are call options which give the holder the right to purchase from the Clearing Corporation a fixed number of shares of a specified security (referred to as the 'underlying stock') for a fixed purchase price (the 'exercise price') prior to a fixed expiration date. . . . A Chicago Board Option may be purchased only in a transaction on the Exchange. The 'writer' of an Option is a person who, through his broker, has sold an Option on the Exchange and has thereby undertaken with the Clearing Corporation to deliver the underlying stock upon the timely assignment of an exercise notice to him against payment of the specified exercise price. The Clearing Corporation does not itself own the underlying stock, and the writer may not own the underlying stock (in which event he is known as an 'uncovered writer' and is subject to Exchange's margin requirements applicable to uncovered writers. . . .) As consideration for the rights and obligations represented by an Option, the buyer (often referred to herein as 'holder') pays and the writer receives an amount known as the premium. The premium is determined in the Exchange's auction market on the basis of supply and demand, although it also depends upon considerations such as the duration of the Option, the difference between the exercise price and the market price of the underlying stock, and the price volatility and other characteristics of the underlying stock. In addition, buyers and writers of Options must pay commissions to their brokers in every Option transaction. "

In our opinion the options traded on the Chicago Board Options Exchange are "securities" as defined in Article 581-4. A (The Securities Act), Vernon's Texas Civil Statutes.

> "The term 'security' or 'securities' shall include any share, stock, treasury stock, stock certificate under a voting trust agreement, collateral trust certificate, equipment trust certificate, pre-organization certificate or receipt, subscription or reorganization certificate, note, bond, debenture, mortgage certificate or other evidence of indebtedness, any form of commercial paper, certificate in or under a profit sharing or participation agreement, certificate or any instrument representing any interest in or under an oil, gas or mining lease, fee or title, or any certificate or instrument representing or secured by an interest in any or all of the capital, property, assets, profits or earnings of any company, investment contract, or any other instrument commonly known as a security, whether similar to those herein referred to or not. Provided, however, that this definition shall not apply to any insurance policy, endowment policy, annuity contract, optional annuity contract, or any contract or agreement in relation to and in consequence of any such policy or contract, issued by an insurance company subject to the supervision or control of the Board of Insurance Commissioners when the form of such policy or contract has been duly filed with the Board as now or hereafter required by law."

Your letter states that at the hearing, "It was established that. . . the options traded on the exchange, called Chicago Board Options, have been registered under the securities registration provisions of the Securities Act of 1933." Accordingly, it is plain that the phrase in the definition in § 4A of the Securities Act "or any other instrument commonly known as a security, whether similar to those herein referred to or not" would cover the investments in question.

We recognize that the definitions of "securities" in § 2B of The Securities Act of 1933 (15 USC § 77b) and in the statutues of many states recognizing such options as securities, contain the phrase "right to subscribe to or purchase any of the foregoing, " which phrase is not contained in the Texas act; however we do not believe this manifests any legislative attempt to eliminate such options from the Texas Securities Act.

Other provisions in § 4 of Article 581 that persuade us that the Legislature intended the inclusion of options in the definition of securities are found in its definitions of "dealer, " "salesman" and "sell":

> "C.  The term 'dealer' shall include every person or company, other than a salesman, who engages in this state, either for all or part of his or its time, directly or through an agent, in selling, offering for sale or delivery or soliciting subscriptions to or orders for, or undertaking to dispose of, or to invite offers for, or rendering services as an investment adviser, <u>or dealing in any other manner in any security or securities within this state.</u>

> "D.  The term 'salesman' shall include every person or company employed or appointed or authorized by a dealer to sell, offer for sale or delivery, or solicit subscriptions to or orders for, <u>or deal in any other manner, in securities within this state.</u> . . .

> "E. . . . . The term 'sell' means any act by which a sale is made, and the term 'sale' or 'offer for sale' shall include a subscription, <u>an option for sale,</u> a solicitation of sale, a solicitation of an offer to buy, an attempt to sell, or an offer to sell, directly or by an agent or salesman, by a circular, letter, or advertisement or otherwise . . . . " (emphasis added)

In answer to your second question we hold that the Chicago Board Options Exchange is a "stock exchange" as referred to under § 6F of Article 581, the Texas Securities Act, which reads:

> "Except as hereinafter in this Act expressly provided, the provisions of this Act shall not apply to any of the following securities when offered for sale, or sold, or dealt in by a registered dealer or salesmen of a registered dealer: . . . .

> "F. Securities which at the time of sale have been fully listed upon the American Stock Exchange, the Boston Stock Exchange, the Midwest Stock Exchange or the New York Stock Exchange, or upon any recognized and responsible stock exchange approved by the Commissioner as hereinafter in this section provided. . . . ."

"Stock exchange" is not defined in the statute and accordingly we are relegated to the meaning in which it is ordinarily understood. Satterfield v. Satterfield, 448 S. W. 2d 456 (Tex. 1969); cf. Article 10, V. T. C. S. In this situation, "It is proper and sometimes necessary to consult a dictionary to ascertain the meaning to be attached to a word." Board of Ins. Com'rs. v. Duncan, 174 S. W. 2d 326 (Tex. Civ. App. 1943); 53 Tex. Jur. 2d, Statutes, § 147, p. 214.

Webster's Third New International Dictionary (1961) defines "stock exchange" to mean:

> "a building or room in which security trading is conducted on an organized system. . . an association or group of people organized to provide an auction market among themselves for the purchase and sale of securities."

Under this definition and the general understanding referred to in Article 581., a "stock exchange" is not limited to an exchange that trades in

"stocks." Rather, it embraces the concept of an exchange market in securities. Accordingly, Chicago Board Options Exchange, as a registered national securities exchange, plainly is a stock exchange as that term is generally understood and as it is used in § 6. F.

We are further persuaded in this conclusion by the information you have provided to the effect that at your hearing "it was established that the Chicago Board Options Exchange has registered with the Securities and Exchange Commission as a national securities exchange. . . ."

By our affirmative answer to your second question we should not be understood as expressing any opinion on the question of whether the Chicago Board Options Exchange is a "recognized and responsible stock exchange." We are merely holding that it is a "stock exchange" and you are advised that the question of whether it is "recognized and responsible" is a factual matter entirely within your prerogative to determine.

## SUMMARY

1. The stock options which are the subject of investments on the Chicago Board Options Exchange are "securities" as defined in Article 581-4A, V. T. C. S.

2. The Chicago Board Options Exchange is a "stock exchange" under Article 581-6, F, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee